Filed 3/12/26  P. v. Sundberg CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>KELLY SUNDBERG,<br><br>     Defendant and Appellant. | D086013<br><br><br>(Super. Ct. No. SCD132737) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Kelly Sundberg, in pro. per.; and John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is an appeal from the denial of a petition for release and restoration of sanity under Penal Code[1] section 1026.

---

1      All statutory references are to the Penal code.

Kelly Sundberg was found not guilty by reason of insanity after a jury trial in 1999.  He was committed to the Department of State Hospitals under section 1026.  In 2024, Sundberg filed a petition for release.

The trial court held an evidentiary hearing and denied Sundberg's petition for release.

Sundberg filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to exercise its discretion to independently review the record for error.  We advised Sundberg of his right to file his own brief on appeal.  Sundberg has responded with a supplemental brief which includes excerpts from various transcripts and some documents regarding his own background and mental history.  Basically, Sundberg challenges the truthfulness of the evidence and seeks to reweigh the evidence.  The supplemental brief does not identify any arguable issues for reversal on appeal.

STATEMENT OF FACTS

Appellate counsel has provided a useful summary of the evidence presented at the evidentiary hearing.  We will incorporate that statement of facts into this opinion to provide background.

A.  The Committing Offense

Sundberg was born in 1955.  In November 1997, Sundberg attacked his elderly father with a hammer while he was sleeping in his bed.  Sundberg's father woke up.  Sundberg tried to strangle his father and said, "you fucked me up all my life."  Sundberg had a history of paranoia and believed other people, including his family, were trying to harm him.

B.  The Evidence at the Evidentiary Hearing

   1.  Sundberg's Evidence

Dr. David Bloch was a clinical and forensic psychologist.  Dr. Bloch evaluated Sundberg in 2023 and interviewed him on January 13, 2024.  He also reviewed records pertaining to Sundberg.  Sundberg's past diagnoses included schizoaffective disorder and schizophrenia.  Dr. Bloch diagnosed Sundberg with persistent and pervasive delusional disorder.  These conditions were lifelong.  Sundberg said his mental problem was only depression.

Sundberg had been confined to Patton State Hospital for more than 25 years.  Sundberg wanted to be released into the conditional release program.  Sundberg has for decades denied that he has a mental illness and resisted taking medications.  Sundberg has functioned at a high level in the state hospital and would be able to function in a community setting.  Sundberg needs to take his medications to properly function.  The fact that Sundberg, if released, would return to custody if he did not take his medications would be a powerful incentive for him to be medication compliant.

The propensity for people to be violent decreases with age.  Sundberg was 69 years old.  Dr. Bloch believed Sundberg was a good candidate for release into the conditional release program despite Sundberg's lack of insight into his mental illness.  He believed Sundberg did not pose a substantial risk of physical harm if he was released and continued taking his medications.

Sundberg testified.  He never committed a crime until he was 42 years old.  Sundberg wanted to be transferred to outpatient status through the conditional release program.  He has been at Patton State Hospital more

3

than 20 years. Sundberg has never refused to take his medication. The hospital went to court to force Sundberg to take his medication, but the issue pertained to a change in medication and not Sundberg taking medication. Sundberg has been taking Abilify for 25 years to treat depression. Sundberg has not had any violent incidents with either peers or staff in his 25 years at Patton State Hospital. Sundberg's psychiatrist, Dr. Anees, could confirm that Sundberg was not violent and had never been violent in the hospital. Sundberg denied assaulting his father. His father's injuries were caused by bumping his head on his bed.

2. The Prosecution Evidence

Dr. Kermeka Desai was a psychologist. She worked at the Gateways Conditional Release Program. Dr. Desai met with Sundberg on March 10, 2025. She also reviewed records pertaining to Sundberg. Sundberg was not eligible for treatment at the primary facility operated by Gateways Conditional Release Program because of his age. Sundberg would have to reside at a board and care facility that was providing treatment to other Gateways patients. Sundberg would in substance be living at a residence and be responsible for attending his medical appointments and treatment session. Sundberg has engaged in threatening behavior and appeared paranoid. Sundberg told Dr. Desai that he did not assault his father. Dr. Desai asked Sundberg about his psychiatric history. Sundberg became offensive and denied having mental problems which was his primary defensive mechanism. Dr. Desai believed Sundberg would be a danger to other people if he was transferred to the conditional release program.

Dr. Desai believed Sundberg needed to address three issues before he could be safely released into the community. Sundberg had to have psychiatric and behavioral stability, which he did not. Sundberg had to be

4

voluntarily medication compliant and have insight into his mental illness. Sundberg lacked insight into his mental illness. Sundberg's medication compliance has been an issue for an extended period of time. Sundberg has consistently attempted to have his dosage lowered. Dr. Desai believed Sundberg's desire to lower his dosage was the direct result of his lack of insight into his mental illness and made his mental disorder dangerous. Sundberg's lack of insight into his mental illness was particularly important because it impacted his motivation to take his medicines.

Dr. Daniel Brockett testified. He was a psychiatrist and psychoanalyst. Sundberg was suffering psychiatric symptoms when he assaulted his father. He believed his family was engaged in a conspiracy against him. Sundberg was not in contact with reality. Sundberg had been diagnosed with bipolar disorder, delusional disorder, and schizoaffective disorder, bipolar type. Dr. Brockett interviewed Sundberg and concluded his presentation was consistent with narcissistic personality disorder. That condition often coexists with people who suffer from severe mental illnesses. Dr. Brockett believed that because of Sundberg's mental illness he would be a danger to other people if released into the community. Sundberg said he had not had any incidents at the hospital in 20 years. Sundberg had a history of threats and violence at the hospital. This history included assaults against staff in 2013 and 2020.

## DISCUSSION

As we have noted, appellate counsel has filed a *Delgadillo* brief and asks the court to independently review the record for error. We have independently reviewed the record, exercising our discretion consistent with the requirements of *People v. Wende* (1979) 25 Cal.3d 436. Our independent

5

review has not identified any arguable issues for reversal on appeal.

Competent counsel has represented Sundberg on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.*

WE CONCUR:


O'ROURKE, Acting P. J.


KELETY, J.

---

*       Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.